

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CASE NO. 1:10-CR-113(1) |
| § | |
| CHAD DAVID WORTHINGTON § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that the defendant, Chad David Worthington, violated conditions of supervised release imposed by Chief United States District Ron Clark. The United States Probation Office filed its *Second Amended Petition for Warrant or Summons for Offender Under Supervision* (doc. #61) requesting the revocation of the defendant's supervised release. The Court conducted a hearing on December 13, 2017, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. The defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that

such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure11, the Court finds:

a. That the defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b. That the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## **STATEMENT OF REASONS**

### A. Procedural History

On May 20, 2011, The Honorable Ron Clark, U.S. District Judge of the Eastern District of Texas, sentenced Mr. Worthington after he pled guilty to the offense of Possession of an Unregistered Firearm, a Class C felony. Judge Clark sentenced the defendant to 61 months imprisonment followed by 3 years supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure and drug aftercare. On March 17, 2015, Mr. Worthington completed his period of imprisonment and began service of the supervision term.

On August 31, 2015, Mr. Worthington's conditions of supervision were modified to include mental health aftercare. The Court modified his conditions again on April 13, 2017, to include the condition that he reside in residential reentry center or similar facility for 180 days.

**B. Allegations in Petition**

The United States Probation Office alleges that the defendant violated a standard condition of his supervision as follows:

*The defendant shall refrain from excessive use of alcohol and shall not purchase, posses, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician..*

Specifically, Mr. Worthington has submitted urine specimens positive for illicit drug use on December 13, 2016 (amphetamine and methamphetamine, benzodiazepine, and marijuana), February 5, 2017 (amphetamine and methamphetamine), and again on April 12, 2017 (amphetamine and methamphetamine). Mr. Worthington has admitted, in writing, to consuming illicit drugs on each of these positive specimens.

**C. Evidence presented at Hearing:**

At the hearing, the Government proffered evidence in support of the allegation in the petition to revoke. The Government would submit copies of the laboratory reports establishing that Mr. Worthington submitted urine specimens on the dates alleged above which yielded positive results for the substances described in the petition. The Government would also offer copies of the signed admission forms executed by Mr. Worthington in the presence of a probation officer which show that he admitted to using the substances as alleged above.

Defendant, Chad Worthington, offered a plea of true to the allegations. Specifically, he agreed with the evidence summarized above and pled true to the allegation that he used controlled substances in violation of his supervision conditions.

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a standard condition of his supervised release by using controlled substances. This conduct constitutes a Grade C violation under U.S.S.G. § 7B1.3(a)(2). Upon finding a Grade C violation, the Court may revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2).

Based upon the Defendant's criminal history category of II and the Grade C violation, the sentencing guidelines suggest a sentence of imprisonment for a period ranging from 5 to 10 months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class C felony, the statutory maximum imprisonment term upon revocation is three (3) years. *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v.*

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

*Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that the defendant violated his supervision conditions. Mr. Worthington pled true, agreed with the Court's recommended sentence for that violation, and waived his right to allocute before the District Court.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate judge recommends that the District Court order Defendant to serve a term of **nine (9) months imprisonment** for the revocation, with credit for time spent in federal custody on this revocation matter, as applicable. The Court finally recommends that no additional supervision term be imposed after his release.

## **OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and

recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 15th day of December, 2017.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE